UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MELBA MADDERRA, et al., ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV1673 |
| ) | |
| MERCK SHARPE & DOHME CORP., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Remand and Request for Expedited Consideration, filed on September 28, 2011. (ECF No. 11). The matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiffs filed their Petition in the Circuit Court of the City of St. Louis, State of Missouri, on August 17, 2011. (Petition ("Complaint"), ECF No. 1-1). In their Complaint, Plaintiffs assert they were prescribed the drug Fosamax to treat or prevent osteoporosis. (Id., ¶¶ 2-5). Plaintiffs allege that, as a result of taking Fosamax, they sustained "severe and permanent personal injuries," including weakened or brittle bones, stress fractures, and femoral fractures. (Id., ¶ 17). Plaintiffs bring claims against Defendant, as the marketer, promoter, and seller of Fosamax, for defective design, failure to warn, negligence, breach of express warranty, breach of implied warranty, negligent misrepresentation, and fraudulent misrepresentation. (See id., pp. 16-32). Plaintiffs also seek punitive damages. (See id., ¶¶ 160-175).

Defendant removed this action to this Court on September 26, 2011, despite the lack of complete diversity on the face of the Complaint. (Notice of Removal, ECF No. 1). In Defendant's

Notice of Removal, Defendant asserts that diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the only non-diverse Plaintiff, Ruth Smoody, was fraudulently misjoined as a Plaintiff. (ECF No. 1, ¶¶ 15-19). Plaintiffs responded by filing a Motion to Remand and Request for Expedited Consideration on September 28, 2011. (ECF No. 11).

## DISCUSSION

"Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D.Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)). The party invoking federal jurisdiction and seeking removal has the burden of establishing jurisdiction by a preponderance of the evidence. Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); see also Nicely v. Wyeth, Inc., 2011 WL 2462060 at *2 (E.D.Mo. Jun. 17, 2011).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). "Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[1] Manning, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)). Actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). As stated above, Defendant asserts that diversity exists because Moody, the only non-diverse party, was fraudulently misjoined. (ECF No. 1, ¶¶ 15-19).

---

[1] There is no dispute in this case that the amount in controversy exceeds $75,000.00.

Courts have long recognized fraudulent joinder as an exception to the complete diversity rule. In re Prempro Products Liability Litigation, 591 F.3d 613, 620 (8th Cir. 2010) (citing 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COPPER, FEDERAL PRACTICE AND PROCEDURE § 3723, at 788-89 (4th ed. 2009)). Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal. Id. A more recent exception to the complete diversity rule is the fraudulent misjoinder doctrine. Id. Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other. Id. (quoting Ronald A. Parsons, Jr., *Should the Eighth Circuit Recognize Procedural Misjoinder?*, 53 S.D. L.REV. 52, 57 (2008)).

The Eleventh Circuit is the only federal appellate court to have adopted fraudulent misjoinder. Id. at 620 n.4 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996)). The Eighth Circuit has acknowledged the fraudulent misjoinder doctrine but has declined to either adopt or reject it. See id., at 622. In In re Prempro, the Eighth Circuit reversed the decision of the trial court and remanded to state court claims against numerous drug manufacturers alleging that the manufacturers' hormone replacement therapy drugs caused breast cancer. Id. at 616-17. The Eighth Circuit concluded that even if it adopted the fraudulent misjoinder doctrine, the "alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." Id.

According to the Eighth Circuit in In re Prempro, the plaintiffs' claims all arose from a series of transactions between the drug manufacturers and individuals that used the drugs, and the plaintiffs all alleged the manufacturers conducted a national sales and marketing campaign to falsely promote the safety and benefits of the drugs while understating the risks of the drugs. Id. at 623. The Eighth

Circuit found the plaintiffs' claims were logically related because each user allegedly developed breast cancer as a result of the manufacturers' negligence in designing, manufacturing, testing, advertising, warning, marketing, and selling the drugs. Id. Thus, the litigation was "likely to contain common questions of law and fact," and the Eighth Circuit could not find that the plaintiffs' claims had "'no real connection' to each other such that they [were] egregiously misjoined." Id. Finally, "absent evidence that plaintiffs' misjoinder borders on a 'sham,'" the Eighth Circuit declined to apply the fraudulent misjoinder doctrine. Id. at 624.

Here, the Court finds the Eighth Circuit's reasoning in In re Prempro dispositive of Plaintiffs' motion. As in that case, Plaintiffs all allege claims arising out of the same series of transactions between Defendant (as manufacturer and seller of Fosamax) and Plaintiffs (as users of Fosamax). Plaintiffs all allege they developed weakened or brittle bones, stress fractures, and femoral fractures as a result of Defendant's defective design, failure to warn, negligence, breach of express warranty, breach of implied warranty, negligent misrepresentation, and fraudulent misrepresentation in the making, marketing, and selling of Fosamax. As in In re Prempro, Plaintiffs' claims in this action all contain common questions of law and fact, and Defendant has not presented evidence that Plaintiffs joined their claims to avoid diversity jurisdiciton. Therefore, the Court finds it unnecessary to apply the fraudulent misjoinder doctrine, as Defendant has not shown that Plaintiffs were fraudulently misjoined.

Since there is not complete diversity between the parties, the Court lacks subject matter jurisdiction. Thus, this matter must be remanded to state court for lack of federal jurisdiction.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand and Request for Expedited Consideration (ECF. No. 11) is **GRANTED** in part, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri.  An appropriate Order of Remand will accompany this Order.

**IT IS FURTHER ORDERED** that the outstanding motions in this matter (ECF. Nos. 6, 8) are **DENIED** as moot.


Dated this 23rd day of February, 2012.


    /s/Jean C. Hamilton
    UNITED STATES DISTRICT JUDGE